IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DONNETTE H.,

                   Plaintiff,

                                     Civil Action No.
    v.                                3:19-CV-0755 (DEP)

ANDREW SAUL, Commissioner of Social
Security,

                   Defendant.

_____

APPEARANCES:                     OF COUNSEL:

FOR PLAINTIFF

LACHMAN, GORTON LAW FIRM    PETER A. GORTON, ESQ.
P.O. Box 89
1500 E. Main Street
Endicott, NY 13761-0089

FOR DEFENDANT

HON. ANTOINETTE L. BACON      CHRISTOPHER L. POTTER,  ESQ.
Acting United States Attorney for the   Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

DECISION AND ORDER

Plaintiff Donnette H. initiated this action in 2019 to challenge an unfavorable determination by the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") payments under the Social Security Act. Having prevailed in this court, her counsel now seeks an award of attorney's fees and other expenses, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1]

While not contending that the amount sought is unreasonable or unsupported, the Commissioner opposes the instant EAJA application, arguing that the government's position in this action was substantially justified. For the reasons set forth below, I find that the government has not carried its burden of establishing that its position in the action was substantially justified, and will therefore grant plaintiff's EAJA fee application.

---

[1]     Plaintiff's application, which was filed on September 24, 2020, is timely. Under 28 U.S.C. § 2412(d)(1)(B), a petition for fees under the EAJA must be filed within thirty days of the entry of final judgment. A judgment is deemed final when it is no longer appealable. 28 U.S.C. § 2412(d)(2)(G). In this case the underlying judgment become final on October 26, 2020, sixty days after its entry. *See* Fed. R. App. P. 4.

I.      BACKGROUND

Plaintiff protectively applied for SSI benefits under Title XVI of the

Social Security Act on March 31, 2016, alleging a disability onset date of

January 2, 2016.[2] In support of her application, she claimed disability as a

result of, *inter alia*, back problems—disc issues, depression, leg

problems—numbness and weakness, neck problems—nerve pain, and

major headaches. Following a hearing conducted on July 5, 2018, Social

Security Administrative Law Judge ("ALJ") Thomas Cheffins issued a

decision on August 23, 2018, in which he denied plaintiff's application for

benefits. ALJ Cheffins' decision became a final determination of the

agency on April 30, 2019, when the Social Security Administration

Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on June 25, 2019, pursuant to 42

U.S.C. §§ 405(g) and 1383(c)(3). At the conclusion of a telephonic hearing

conducted on August 19, 2020, I issued a bench decision in which, after

applying the requisite deferential standard of review, I found that the

Commissioner's determination did not result from the application of proper

---

[2]      An earlier application by the plaintiff for Social Security benefits was denied in
March 2014.

legal principles and is not supported by substantial evidence.[3] An order

was issued on August 27, 2020,  incorporating that oral decision by

reference and ordering that judgment on the pleadings be granted to the

plaintiff vacating the Commissioner's determination and remanding the

matter to the agency for further proceedings, without a directed finding of

disability. A judgment implementing that order was subsequently issued,

also on August 27, 2020.

On September 24, 2020, plaintiff filed the instant motion seeking

attorney's fees under the EAJA in the amount of $6,156.68. The

Commissioner responded on October 1, 2020, in opposition to that

application, arguing that the government's position in this action was

factually and legally reasonable, and that the fee application should

therefore be denied. Plaintiff has since filed a reply to the government's

opposition and in further support of her EAJA application, as well as a

motion for additional EAJA attorney's fees to compensate her counsel for

time spent in responding to defendant's opposition, in the sum of $619.80.

---

[3]     This matter is before me on consent of the parties, pursuant to 28 U.S.C. §
636(c).

II.    DISCUSSION

A.    Standard to be Applied

The EAJA provides, in relevant part, as follows:

> [A] court shall award to a prevailing party . . . fees
> and other expenses . . . incurred by that party in any
> civil action . . . , including proceedings for judicial
> review of agency action, brought by or against the
> United States in any court having jurisdiction of that
> action, unless the court finds that the position of the
> United States was substantially justified or that
> special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). As can be seen, under the EAJA recovery of

an award is mandated when a party prevails against the United States in a

civil suit other than a tort action, absent a finding that the position of the

United States was substantially justified or that special circumstances

make an award unjust.  *Id.*; *see Rosato v. Bowen*, 823 F.2d 40, 42 (2d Cir.

1987). The EAJA was enacted "to encourage private parties with limited

funds to challenge unreasonable government actions by relieving

successful litigants of litigation expenses when the government's position

was not substantially based in law and fact." *Rosato*, *id.* at 42 (citing H.R.

Rep. No. 1418, 96th Cong., 2d Sess. 9-10 *reprinted in* 1980 U.S. Code

Cong. & Admin. News 4953, 4984, 4988.).

To qualify for recovery under the EAJA, a plaintiff must demonstrate

that she is (1) a prevailing party; and (2) eligible to receive an award. *See*

5

28 U.S.C. § 2412(d)(1)(B); *see also Smith v. Astrue,* No. 1:10-CV-0053, 2012 WL 3683538, at *1 (N.D.N.Y. Aug. 24, 2012) (Suddaby, D.J.) (citing 28 U.S.C. § 2412(d)(1)(B)); *Coughlin v. Astrue*, No. 06-CV-0497, 2009 WL 3165744, at *1 (N.D.N.Y. Sept. 28, 2009) (Mordue, C.J.). In addition, the plaintiff must submit an itemized statement from the attorney appearing on her behalf detailing the time expended and the rates at which the fee request is calculated. *Smith,* 2012 WL 3683538, at *1; *Coughlin*, 2009 WL 3165744, at *1. In the event that a plaintiff satisfies these criteria, her EAJA request may nonetheless be denied in the event of a court finding "that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Coughlin*, 2009 WL 3165744, at *1.

As was previously noted, the Commissioner opposes plaintiff's application, arguing that the position advanced by the government in this action was "substantially justified." Dkt. No. 22 at 2-5. In support of an application for attorney's fees under the EAJA, a plaintiff must allege that the position of the government was not substantially justified. *Mills v. Colvin*, No. 5:11-CV-0955, 2013 WL 1499606, at *1 (N.D.N.Y. Apr. 11, 2013) (Sharpe, J.) (citing 28 U.S.C. § 2412(d)(1)(B)). Plaintiff has alleged as much in her EAJA fee application. Dkt. No. 23-1 at 1 ("It is alleged that

6

the Government's position in litigation was 'not substantially justified.'").
With that allegation having been made, the burden now falls upon the
Commissioner to establish that his opposition to plaintiff's application for
benefits was substantially justified. *Mills*, 2013 WL 1499606, at *1 (citing
*Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir.
1999)); *see also Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d
Cir. 2009) (noting that the burden rests on the government to show that its
position was "substantially justified").

　　The issue of the meaning of the term "substantially justified," for
purposes of the EAJA, was before the Supreme Court in the seminal case
of *Pierce v. Underwood*, 487 U.S. 552 (1988). In *Pierce*, the Court settled
on a test of reasonableness, concluding that the phrase should be
interpreted as meaning "justified to a degree that could satisfy a
reasonable person." *Id.* at 565; *accord, Green v. Bowen*, 877 F.2d 204,
207 (2d Cir. 1989). In accordance with *Pierce*, the Second Circuit has
further construed the term "substantially justified" to mean as "having a
'reasonable basis in both law and in fact.'" *Dunn*, 169 F.3d at 786 (quoting
*Pierce*, 487 U.S. at 565); *see Ericksson*, 557 F.3d at 81; *see also* HR No.
96-1418, 96th Cong 2d Sess (1980).

B.    Analysis

In her application, plaintiff does not elaborate upon her claim that the government's position in this action was not substantially justified, instead apparently relying upon the circumstance that she prevailed. Dkt. No. 24 at 7 ("in this case, this Court ordered remand of this case for a new hearing and decision. Plaintiff's submits that, in these circumstances, the Commissioner cannot show that his position in this matter has been substantially justified."). The fact that the government's position in the case was not accepted by the court, however, does not in and of itself dictate a finding, or even raise a presumption, that the government's position was not substantially justified. *Mills*, 2013 WL 1499606 at *1 (citing *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988)); *see Scarborough v. Principi*, 541 U.S. 401, 415 (2004) ("Congress did not, however, want the 'substantially justified' standard to "be read to raise a presumption that the [g]overnment position was not substantially justified simply because it lost the case[.]).

Plaintiff's argument regarding substantial justification was more fully fleshed out in her reply, and centers upon defendant's contention that there was sufficient medical and other evidence in the record to permit the ALJ to formulate a residential functional capacity ("RFC") finding, despite

the lack of a supporting medical opinion. In his decision ALJ Cheffins concluded that plaintiff retains the RFC to perform light work,[4] as defined by regulation, "except that she can never climb ladders, ropes, or scaffolds; she can occasionally stoop and crouch; and she can frequently handle and finger with the right upper extremity."

In this case, while there were both examining and non-examining consultative opinions concerning plaintiff's mental health,[5] there was no medical source statement in the record before the ALJ from any treating health care provider or consultative examination report supporting the

---

[4]     By regulation light work is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

[5]     Mentally, plaintiff suffers from depression, anxiety, and an adjustment disorder.

physical components of the ALJ's RFC finding.[6] This comes despite the

fact that at step two of the five step sequential analysis, ALJ Cheffins

concluded that plaintiff suffers from severe physical impairments imposing

more than minimal limitations on her ability to perform basic work

functions, including degenerative disc disease of the lumbar and thoracic

spine, status post discectomy T ll-T12, cervicalgia, fibromyalgia, and right

carpel tunnel syndrome. To support the conclusion that plaintiff retains the

RFC to perform the exertional requirements of light work, ALJ Cheffins

points only to his interpretation of diagnostic imaging, the results of

physical examinations, as well as "[t]reatment notes [that] also show the

claimant to report walking for exercise and having 'dance time' with her

daughter . . ." and noting her ability to walk' without any acute distress or

limp.'"

In setting aside the Commissioner's determination, I cited *Charland*

*v. Commissioner of Soc. Sec.*, No. 1:13-CV-492, 2016 WL 1117515

(N.D.N.Y., Mar. 22, 2016). In that case Chief District Judge Glenn T.

---

[6]     There is in the record a medical opinion from one treatment provider, Nurse
Practitioner Emily Crouse, submitted after issuance of the ALJ's decision, that
addresses plaintiff's ability to perform exertional functions. That opinion fails to support
a finding of plaintiff's ability to meet the exertional requirements of light work. I note,
however, that under the regulations that are applicable to this matter, as a nurse
practitioner, Ms. Crouse's opinions are not entitled to controlling weight. 20 C.F.R. §§
404.1513(d)(1), 416.913(d)(1).

Suddaby noted that it is impermissible for an ALJ to assess a plaintiff's RFC based upon his or her own interpretation of available medical evidence. *Charland*, 2016 WL 1117515, at *2; *see also April B. v. Saul*, No. 8:18-CV-682, 2019 WL 4736243 at *4 (N.D.N.Y. Sept. 27, 2019).

One of the cases cited by the Commissioner, *Monroe v. Comm'r of Soc. Sec.*, 676 Fed. Appx. 5 (2d Cir. 2017), does not undermine this principle or the basis for the court's determination in this case. It is true that the Second Circuit concluded in *Monroe* that if a record contains sufficient evidence from which RFC can be assessed, a formal medical source statement or opinion is not necessarily required. *Monroe*, 676 Fed. Appx. at 8.[7] That case is materially distinguishable, however. *Monroe* involved a mental impairment – bipolar disorder – and an opinion that the plaintiff would be off task between thirty and fifty percent of the time during a typical work day due to the mental impairment. That opinion was in contrast to notes of plaintiff's treating source in that case, which "provide[d] contemporaneous medical assessments of Monroe's mood, energy, affect,

---

[7]     The court notes that as an unpublished summary order, the decision in *Monroe* does not have precedential effect. *Lebron v. Sanders*, 557 F.3d 76, 77 n.2 (2d Cir. 2009) (citing Local Rule of the Second Circuit 32.1.1. ("Rulings by summary order do not have precedential effect.")).

and other characteristics relevant to her ability to perform sustained gainful

activity." *Monroe*, 676 Fed. Appx. at 8.

This case presents a very different situation, involving the exertional

requirements of performing light work. As I explained in my decision, ALJ

Cheffins literally manufactured his RFC exertional finding out of whole

cloth, offering his view without reliance upon any medical opinions. I also

noted the existence of objective evidence, including the results of

Magnetic Resonance Imaging ("MRI") testing, confirming plaintiff's multi-

level degenerative disc disease, as well as the diagnosis of fibromyalgia

and the elusive and varying nature of that disease. These factors led me

to conclude that this is not the type of "simple case" where an ALJ is

qualified to fashion an RFC without a supporting medical opinion. As

plaintiff has argued in her reply papers, there are abundant cases

supporting the conclusion that an ALJ is unqualified to make medical

determinations concerning functional limitations merely from his or her

reading of medical records. *See* Plaintiff's Reply (Dkt. No. 27) at 5-6.

Based upon the foregoing, I conclude the government has failed to

sustain its burden of demonstrating substantial justification for its position

in this litigation. This matter does not involve a mere procedural

shortcoming, such as where an ALJ has insufficiently explained the

rejection of or weight accorded to a medical opinion. The error in this instance is substantive in nature. Accordingly, plaintiff's EAJA application will be granted.

### C.    Plaintiff's Motion for Additional Fees

It is well-established that a prevailing plaintiff who recovers fees and other expenses under the EAJA is entitled to claim reimbursement for the expenses associated with preparing the fee application. *Trichilo v. Sec'y of Health & Human Srvcs.*, 823 F.2d 702 (2d Cir. 1987). This includes the expenses associated with replying to an EAJA application opposition. In this case, I do not find that circumstances make an award of such additional amount unjust. Accordingly, plaintiff's motion for recovery of additional expenses in the amount of $619.80 will be granted.

### III.    SUMMARY AND ORDER

In order to defeat plaintiff's application for an award of attorney's fees pursuant to the EAJA, the Commissioner was required to prove that the government's position in the action was "substantially justified." I find that the government has not successfully shouldered that burden. I further find that plaintiff's application for an award of attorney's fee under the EAJA is, in all other respects, proper, and the government does not argue otherwise. In addition, I find that plaintiff is entitled to recovery of the

additional expense associated with replying to defendant's opposition to the EAJA application.

Based upon a careful review of her application, I find that the plaintiff qualifies for recovery under the EAJA, and that the amounts sought are reasonable and justified. Accordingly, it is hereby

ORDERED, that plaintiff's application for an award of attorney's fees under the EAJA (Dkt. No. 24) and motion for recovery of additional attorney's fees (Dkt. No. 28) are GRANTED; and it further

ORDERED, that plaintiff is hereby awarded the sum of $6,776.48. The Commissioner shall therefore remit, by check made payable to the plaintiff but mailed directly to plaintiff's counsel, the total sum of $6,776.48. *See, e.g.*, *Marshall v. Colvin*, No. 5:13-CV-00943, 2015 WL 507197, at *3 (N.D.N.Y. Feb. 6, 2015) (D'Agostino, D.J.); and it further

ORDERED, that the clerk of the court shall serve the parties with a copy of this decision and order in accordance with the Local Rules.

Dated:      October 27, 2020
            Syracuse, New York

David E. Peebles
U.S. Magistrate Judge